# Exhibit A

(Resolutions)

JOINT UNANIMOUS WRITTEN CONSENT
OF THE BOARDS OF MANAGERS, BOARDS OF DIRECTORS AND MEMBERS, AS APPLICABLE, OF
APEX ENERGY, INC., BEAR BRANCH COAL LLC, C.W. AUGERING, INC., CAMBRIAN COAL LLC, CAMBRIAN HOLDING COMPANY, INC., CLINTWOOD ELKHORN MINING LLC, GATLIFF COAL LLC, MARSHALL RESOURCES, INC., PERRY COUNTY COAL LLC, PIKE-LETCHER LAND LLC, PLM HOLDING COMPANY LLC, PREMIER ELKHORN COAL LLC, RAVEN ROCK DEVELOPMENT LLC, RAY COAL LLC, RICH MOUNTAIN COAL LLC, S.T.&T. LEASING, INC., T.C. LEASING, INC. and WHITAKER COAL LLC

IN LIEU OF SPECIAL MEETING

JUNE 14, 2019

In lieu of a meeting of: (i) the sole Director (the "Director") of each of Apex Energy, Inc., C.W. Augering, Inc., Cambrian Holding Company, Inc., Marshall Resources, Inc., S.T. & T. Leasing, Inc. and T.C. Leasing, Inc., each a corporation created and existing under the laws of the Commonwealth of Kentucky; and (ii) the sole Manager or Member, as applicable (the "Manager"), of each of Bear Branch Coal LLC, Cambrian Coal LLC, Clintwood Elkhorn Mining LLC, Gatliff Coal LLC, Perry County Coal LLC, Pike-Letcher Land LLC, PLM Holding Company LLC, Premier Elkhorn Coal LLC, Raven Rock Development LLC, Ray Coal LLC, Rich Mountain Coal LLC and Whitaker Coal LLC, each a limited liability company created and existing under the laws of the Commonwealth of Kentucky (the companies in (i) and (ii) above shall be referred to herein individually as "Company" and collectively as the "Companies"), the Manager or Director, as applicable, of each Company, in accordance with the Operating Agreement or Bylaws, as applicable, of such Company, does hereby unanimously consent to the adoption of the following recitals and resolutions by this joint unanimous written consent (this "Consent"):

**WHEREAS,** the Manager or Director, as applicable, of each Company has (a) regularly and carefully reviewed the materials and other information presented by the management and the advisors of such Company regarding business conditions, such Company's operations, its current and projected financial position and other relevant information, (b) thoroughly evaluated such Company's strategic alternatives, including a possible restructuring, (c) conferred extensively with such Company's management and advisors regarding these matters, and (d) determined that the filing of a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") is in the best interests of such Company and its stakeholders;

**NOW THEREFORE, BE IT:**

**RESOLVED,** that in the judgment of the Manager or the Director, as applicable, of each Company it is desirable and in the best interests of such Company, its creditors, and other interested parties that such Company seek relief under chapter 11 of the Bankruptcy Code;

**FURTHER RESOLVED,** that each Company shall be, and it hereby is, authorized to file a voluntary petition (the "Petition") for relief under chapter 11 of the Bankruptcy Code (the

"Chapter 11 Case"), in the United States Bankruptcy Court for the Eastern District of Kentucky or such other court as any Director, Manager or officer (each, an "Authorized Person") of such Company shall determine to be appropriate (the "Bankruptcy Court") and perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effect the foregoing, the performance of such acts to constitute conclusive evidence of the reasonableness, advisability, expedience, convenience, appropriateness or necessity thereof;

**FURTHER RESOLVED,** that each Authorized Person shall be, and each of them hereby is, authorized, directed and empowered, in the name and on behalf of each Company with respect to which she/he is an Authorized Person, to: (a) execute, acknowledge, deliver and verify the Petition and all other ancillary documents, and cause the Petition to be filed with the Bankruptcy Court and make or cause to be made prior to execution thereof any modifications to the Petition or ancillary documents as any such Authorized Person, in such person's discretion, deems necessary, desirable or appropriate to carry out the intent and accomplish the purposes of these resolutions; (b) execute, acknowledge, deliver, verify and file or cause to be filed all petitions, schedules, statements, lists, motions, applications, notices and other papers or documents necessary, desirable or appropriate in connection with the foregoing in such form or forms as any such Authorized Person may approve; and (c) take or cause to be taken any and all further actions as the Authorized Persons deem necessary, desirable or appropriate; and the actions of any Authorized Person taken pursuant to this resolution, including the execution, acknowledgment, delivery and verification of the Petition and all ancillary documents and all other petitions, schedules, statements, lists, motions, applications, notices and other papers or documents, shall be conclusive evidence of such Authorized Person's approval and the necessity, desirability or appropriateness thereof;

**FURTHER RESOLVED,** that each Authorized Person shall be, and each of them hereby is, authorized, directed and empowered, in the name and on behalf of each Company with respect to which she/he is an Authorized Person, to retain: (a) Frost Brown Todd LLC; (b) Jefferies LLC; (c) Whiteford, Taylor & Preston LLP; (d) FTI Consulting, Inc.; and (e) such additional professionals, including attorneys, accountants, financial advisors, investment bankers, actuaries, consultants, agents or brokers (together with the foregoing identified firms, the "Professionals"), in each case as in any such Authorized Person's judgment may be necessary, desirable or appropriate in connection with such Company's Chapter 11 Case and other related matters, on such terms, including appropriate retention agreements and retainers, as such Authorized Person or Authorized Persons shall approve and such Authorized Person's retention thereof to constitute conclusive evidence of such Authorized Person's approval and the necessity, desirability or appropriateness thereof;

**FURTHER RESOLVED,** that the law firm of Frost Brown Todd LLC and any additional conflicts, special or local counsel, if any, selected by the applicable Authorized Persons shall be, and hereby are, authorized, empowered and directed to represent and assist each Company, as debtor and debtor in possession, in connection with any chapter 11 case commenced by or against it under the Bankruptcy Code, including assisting each Company in carrying out its duties under the Bankruptcy Code and taking any and all actions as may be necessary or desirable to advance each Company's rights thereunder, including filing any pleadings and taking any other actions as may be necessary or desirable;

2

**FURTHER RESOLVED,** that the firm of Jefferies LLC shall be, and hereby is, authorized, empowered and directed to represent and assist each Company as its investment banker and financial advisor in connection with any chapter 11 case commenced by or against it under the Bankruptcy Code;

**FURTHER RESOLVED,** that the firm of FTI Consulting, Inc. shall be, and hereby is, authorized, empowered and directed to represent and assist each Company as its financial advisor in connection with any chapter 11 case commenced by or against it under the Bankruptcy Code;

**FURTHER RESOLVED,** that each Authorized Person, employee and agent shall be, and each of them hereby is, authorized, directed and empowered, in the name and on behalf of each Company with respect to which she/he is an Authorized Person, employee or agent, to continue to operate such Company and its business in the ordinary course of business;

**FURTHER RESOLVED,** that in the judgment of the Manager or the Director, as applicable, of each Company it is desirable and in the best interests of such Company, its creditors, and other interested parties that such Company obtain a new debtor in possession financing facility or facilities to facilitate the conduct of such Company's business as part of the Chapter 11 Case;

**FURTHER RESOLVED,** that each Company, as debtor and debtor in possession under chapter 11 of the Bankruptcy Code, shall be, and it hereby is, authorized to: (a) seek approval of a cash collateral and debtor in possession financing order in interim and final form (a "Financing Order") and, as permitted in accordance with the Financing Order, enter into and incur any obligations under a new debtor in possession financing facility or facilities, including use of cash collateral, and any associated documents and consummate the transactions contemplated therein (collectively, the "Financing Transactions") with Richmond Hill Capital Partners LP and Essex Equity Joint Investment Vehicle, LLC or such other lenders and on such terms as may be approved by any one or more of the Authorized Persons of such Company, as may be reasonably necessary, desirable or appropriate for the continuing conduct of the affairs of such Company; and (b) pay all fees and expenses with respect to, incur (or guarantee, as applicable) the debt and other obligations and liabilities contemplated by, and perform fully such Company's obligations under, the Financing Order and the Financing Transactions and grant security interests in and liens upon some, all or substantially all of such Company's assets, whether now owned or hereafter acquired, in each case as may be deemed necessary, desirable or appropriate by any one or more of the Authorized Persons of such Company in connection with the Financing Transactions; and the actions of any Authorized Person taken pursuant to this resolution shall be conclusive evidence of such Authorized Person's approval and the necessity, desirability or appropriateness thereof;

**FURTHER RESOLVED,** that: (a) the Authorized Persons shall be, and each of them hereby is, authorized, directed and empowered, in the name and on behalf of each Company with respect to which she/he is an Authorized Person, as debtor and debtor in possession, to seek approval of the Financing Order and negotiate, execute, acknowledge, deliver and verify such certificates, instruments, guaranties, credit agreements, pledge agreements, security agreements, promissory notes, letter of credit applications, mortgages, deeds of trust, intellectual property

3

security agreements, account control agreements, other collateral documents or security instruments, instruments, notices and any and all other agreements or documents arising in connection with the Financing Order or the Financing Transactions as any such Authorized Person may deem necessary or appropriate to facilitate the Financing Order and the Financing Transactions, in each case including any amendments, amendment and restatements, renewals, replacements, consolidations, substitutions, extensions, supplements or other modifications to the foregoing (collectively, the "Financing Documents"); (b) Financing Documents containing such provisions, terms, conditions, covenants, warranties and representations as may be deemed necessary, desirable or appropriate by any Authorized Person of a Company are approved; and (c) the actions of any Authorized Person taken pursuant to this resolution, including the negotiation, execution, acknowledgement, delivery and verification of all such Financing Documents, shall be conclusive evidence of such Authorized Person's approval and the necessity, desirability or appropriateness thereof;

**FURTHER RESOLVED,** that, in addition to the specific authorizations heretofore conferred upon the Authorized Persons, each Authorized Person be, and hereby is, authorized with full power of delegation, in the name and on behalf of each Company with respect to which she/he is an Authorized Person, to take or cause to be taken any and all such further actions and to execute, deliver, certify, file and/or record, or cause to be executed, delivered, certified, filed and/or recorded, and to amend, supplement or otherwise modify from time to time, and to perform, any and all such agreements, documents, certificates, instruments, statements, notices, undertakings, amendments, affidavits, complaints, applications for approvals or ruling of governmental or regulatory authorities and other writings, and to incur and to pay or direct payment of all such fees and expenses, including filing fees, as in the judgment of such Authorized Person shall be necessary, appropriate or desirable to effectuate a successful restructuring of such Company's business, including without limitation any action necessary to maintain the ordinary course operation of such Company's business, and the other purposes and intent of any and all of the foregoing resolutions adopted herein; and the actions of any Authorized Person taken pursuant to this resolution shall be conclusive evidence of such Authorized Person's approval and the necessity, desirability or appropriateness thereof;

**FURTHER RESOLVED,** that all acts lawfully done or actions lawfully taken by, or at the direction of, an Authorized Person of a Company, or by any of the Professionals for a Company, in connection with the Chapter 11 Case, any proceedings related thereto, any of the matters contemplated by the foregoing resolutions or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the applicable Company;

**FURTHER RESOLVED,** that any and all lawful acts, actions and transactions by, or at the direction of, an Authorized Person of a Company, for and on behalf and in the name of such Company, relating to any of the matters contemplated by the foregoing resolutions, including in connection with the Financing Transactions, before the adoption of the foregoing resolutions be, and they hereby are, ratified, authorized, approved, adopted and consented to in all respects for all purposes; and

**FURTHER RESOLVED,** that each Authorized Person hereby is authorized and directed to certify and/or attest these resolutions to any person or entity as such Authorized Person may

4

deem necessary or appropriate in connection with the foregoing matters; <u>provided, however,</u> that such certification and/or attestation shall not be required for any document, instrument or agreement to be valid and binding on a Company; and

**FURTHER RESOLVED,** that this Consent may be executed in any number of separate counterparts, each of which shall collectively and separately constitute one Consent and any facsimile or photocopy of the same shall constitute an original.

**[Remainder of Page Intentionally Left Blank; Signature Pages Follow]**

5

**Director of Apex Energy, Inc., C. W. Augering, Inc., Cambrian Holding Company, Inc., Marshall Resources, Inc., S. T. & T. Leasing, Inc. and T.C. Leasing, Inc.**

_____
J. Mark Campbell


**Manager of Cambrian Coal LLC**

_____
J. Mark Campbell


**Member of PLM Holding Company LLC**

Cambrian Coal LLC

_____
J. Mark Campbell, President
Its:    Member


**Member of Bear Branch Coal LLC, Clintwood Elkhorn Mining LLC, Gatliff Coal LLC, Perry County Coal LLC, Pike-Letcher Land LLC, Premier Elkhorn Coal LLC, Raven Rock Development LLC and Rich Mountain Coal LLC**

PLM Holding Company LLC

_____
J. Mark Campbell, President
Its:    Member

S-1

**Member of Ray Coal LLC**

Perry County Coal LLC

_____
J. Mark Campbell, President
Its:    Member

**Member of Whitaker Coal LLC**

Ray Coal LLC

_____
J. Mark Campbell, President
Its:    Member